-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JALAAL PEOPLES, 95B2699;
TAIWAN LOWMACK, 12B0866;
RICHARD LAWRENCE, 04B350;
ZAY MCKENZIE, 01A0506; and
ALL OTHERS IN THE SAME SITUATION,

                Plaintiffs,

        -v-

BRIAN FISHER, Commissioner of NYS DOCCS;
CHERYL MORRIS, Director of Family and
Ministerial Services; PAUL CHAPPIUS,
Superintendent at Elmira C.F.; JOHN
MIZGALA, Dep. Supt. of Program Services
at Elmira C.F. and SAYED AFIFY, Islamic
Chaplain at Elmira C.F.;

                Defendants.

_____

DECISION AND ORDER
13-CV-6113CJS(P)



Plaintiffs filed this action under 42 U.S.C. § 1983 on February 27, 2013 and

plaintiffs were granted poor person status.  The complaints were served by the United

States Marshal's Service.  Assistant Attorney General in Charge, Debra A. Martin,

signed the acknowledgment of service on May 16, 2013, making the Answers due on

July 16, 2013, or 60 days later per the Court's Standing Order.  Plaintiff's attempted to

raise the lack of timely answer, but were informed that the Court's Standing Order

allowed the defendants' 60 days to answer.  When defendants did not answer after 60

days, plaintiffs' requested appointment of counsel, because the defendants "refuse to

answer," among other reasons.  Defendants did not request an extension of time to

answer until October 24, 2013, nearly three months after the deadline to answer. Entry of a default appears to be in order:

> The plain language of Rule 55(a) however does not mandate that a default be entered only upon plaintiff's request but rather implies that however a district court ultimately becomes aware of a party's default, the clerk must enter default. See Fed. R. Civ. P. 55(a). Although Rule 55(a) contemplates that entry of a default is a "ministerial" step to be performed by the clerk of court, a district court judge also possesses the inherent power to enter a default. *Beller & Keller v. Tyler*, 120 F.3d 21, 22 n.1 (2d Cir. 1997); [**3] *see also Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1152 n.11 (2d Cir. 1995) (describing "the entry of default" as "largely a formal matter"). The district court did not err in entering default against the defendants.

*Peterson v. Syracuse Police Dep't*, 467 Fed. Appx. 31, 33 (2d Cir. N.Y. 2012).

The Clerk of Court is directed to enter default in this matter.

SO ORDERED.

Dated: _____*Nov 14*_____, 2013
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge

2