UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JALAAL PEOPLES, et al.,

                Plaintiffs,

      v.

BRIAN FISCHER, et al.,

                Defendants.
_____

DECISION & ORDER

13-CV-6113P

        On February 27, 2013, *pro se* plaintiffs Jalaal Peoples, Taiwan Lowmack, Richard Lawrence and Zay McKenzie ("plaintiffs") filed a complaint pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act 42 U.S.C. § 2000cc-1 *et seq*. ("RLUIPA"), alleging that the defendants violated their constitutional and statutory rights while they were incarcerated at Elmira Correctional Facility. (Docket # 1). Currently before this Court is plaintiffs' request for appointment of counsel. (Docket # 8).

        It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

        1.      Whether the indigent's claims seem likely to be of substance;

    2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

    3.    Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

    4.    Whether the legal issues involved are complex; and

    5.    Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). With this understanding, the Court has reviewed the facts presented herein in light of the factors required by law and finds that the appointment of counsel is appropriate in this matter.

Accordingly, plaintiffs' request for appointment of counsel **(Docket # 8)** is **GRANTED**. The Court hereby directs the *Pro Se* Clerk to identify an attorney who is willing to represent plaintiffs with the litigation of this matter and to advise this Court when *pro bono* counsel has been identified.

**IT IS SO ORDERED.**

                                                          *s/Marian W. Payson*
                                                            MARIAN W. PAYSON
                                                    United States Magistrate Judge

Dated: Rochester, New York
       October   7  , 2014